United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERNESTO G. MIRABAL,

    Plaintiff,

    v.

LAURIE SMITH, et al.,

    Defendants.
                                         /

No. C 12-3075 SI (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Ernesto G. Mirabal, an inmate at the Santa Clara County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Mirabal alleges in his complaint that, on an unstated date, he "was negligently or purposefully placed in the same cell as a documented 'keep away'," who attacked him. Docket # 4, p. 3. Mirabal alleges that he suffered a dislocated finger, pain and disfiguration as a result of the attack.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison and jail officials take reasonable measures for the safety of inmates. See *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In particular, officials have a duty to protect inmates from violence at the hands of other inmates. *See id.* at 833. A prison or jail official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *See id.* at 834. To be liable in a failure to prevent harm situation, the official must know of and disregard an excessive risk to inmate safety. *See id.* at 837.[1] Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer*, 511 U.S. at 835-36 & n.4.

The complaint fails to state a claim against any particular defendant. This rather routine failure-to-protect case is complicated by the particular allegations Mirabal has made as well as

---

[1]The complaint does not state whether Mirabal was a pretrial detainee or a convict at the time of the alleged incident. The claim would arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishment Clause if he was a pretrial detainee. Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).

2

by the defendants he has chosen to sue.

First, Mirabal has alleged that he "was negligently or purposefully placed" in a dangerous situation. Purposeful placement would amount to an Eighth Amendment violation, while negligent placement would not. If Mirabal wishes to pursue an Eighth Amendment claim in his amended complaint, he needs to allege (if he truthfully can) that defendant(s) acted with the requisite mental state in placing him in the cell with a known enemy.

Second, the complaint fails to "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Mirabal must provide enough information to provide notice of his claim so that defendants can figure out what incident he is talking about to frame their response. In his amended complaint, Mirabal must identify the date on which the event took place, the person who attacked him, and the documentation that informed jailers that the attacking inmate was to be kept away from plaintiff.

Third, Mirabal has failed to adequately allege facts showing the basis of liability for each defendant. For example, he alleges that C/O Kind "failed to act reasonably when told of keep away status," Docket # 4, p. 3, but doesn't say when he was told of the status, or what the alleged unreasonableness was. His allegations against all of the individual defendants are too vague to state a claim for an Eighth Amendment violation against any particular person. He must allege facts showing that individual defendants knew of the "keep away" document or otherwise knew that the two inmates were to be kept away from each other and disregarded it. In his amended complaint, Mirabal must be careful to allege facts showing the basis for liability for each defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

3

Fourth, Mirabal's allegations are insufficient to plead municipal liability. Mirabal has sued the Sheriff and other defendants in their official and individual capacities. An official capacity suit for damages against a county official is a suit for damages against the municipality – here, Santa Clara County. *See Brandon v. Holt*, 469 U.S. 464, 469-73 (1985). Local governments are "persons" subject to liability under § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must establish: (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy, custom or practice; (3) that the policy, custom or practice amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy, custom or practice was the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997); *see also AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). It is not enough to allege simply that a policy, custom, or practice exists that caused the constitutional violations. *AE ex rel. Hernandez*, 666 F.3d at 636-37. The plaintiff must allege sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief. *See id.* at 637.[2] In his amended complaint, he must allege sufficient facts regarding the specific nature of the alleged policy, custom or practice to

---

[2] In "limited circumstances," a municipal policy may be based upon the local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights. *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). In order to be a policy, the local government's failure to supervise, monitor or train must amount to deliberate indifference to the rights of the people with whom the local government's employees come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Long v. County of Los Angeles*, 442 F.3d 1178, 1188-89 (9th Cir. 2006). Only where a failure to supervise and train reflects a "'deliberate' or 'conscious' choice'" by a local government can the "shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Harris*, 489 U.S. at 389. "A pattern of similar constitutional violations" by untrained employees is ordinarily necessary to establish that the failure to train or supervise is a deliberate policy. *Connick*, 131 S. Ct. at 1360.

4

allow the defendant to effectively defend itself, and these facts must plausibly suggest that he is entitled to relief.

Sixth, if Mirabal wants to allege a claim about his medical care, he must allege two things: (1) a serious medical need and (2) deliberate indifference to that need by prison officials. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). As with his failure-to-protect claim, he must link individual defendants to the claim, and must allege that the defendants acted with the requisite mental state. Mere negligence in medical care is insufficient to violate the Eighth or Fourteenth Amendment rights of an inmate. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **November 30, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa* County, 693 F.3d 896, 928 (9th Cir. 2012) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: November 6, 2012

_____
SUSAN ILLSTON
United States District Judge

5